IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell L. Goss, #305517,<br><br>                Plaintiff,<br><br>v.<br><br>Ryshema Davis, *Nutritionist*; Betty Smith,<br>*Food Service Branch Chief*; Mr. Gore,<br>*Food Service Director*,<br><br>                Defendants. | Civil Action No. 2:21-00558-HMH-MGB<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. Plaintiff alleges he has been receiving inadequate or incomplete portions of food in violation of his right to be free from cruel and unusual punishment and his right to equal protection. (Dkt. No. 12.) Plaintiff further alleges this conduct constitutes deliberate indifference to a serious medical need. (*Id*.) Currently before the Court are three motions filed by Defendants: Motion for Summary Judgment (Dkt. No. 46); Motion to Strike (Dkt. No. 72); and Motion to Compel (Dkt. No. 82). Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. For the reasons set forth below, the undersigned **RECOMMENDS** that Defendants' Motion for Summary Judgment (Dkt. No. 46) be **GRANTED**. The undersigned further **ORDERS** that Defendants' Motion to Strike (Dkt. No. 72) and Motion to Compel (Dkt. No. 82) be **DENIED**.

**BACKGROUND**

In his Amended Complaint, Plaintiff alleges that since May 9, 2019 and continuing to the present date, Defendants Ryshema Davis, Nutritionist; Betty Smith, Food Service Branch Chief; Ann Sheppard, Associate Warden; and Mr. Gore, Food Service Director, have been serving

1

Plaintiff inadequate portions of food as well as food that is not nutritional. (Dkt. No. 12 at 6–9.) Plaintiff further alleges these Defendants have intentionally discriminated against him by refusing to serve Plaintiff nutritional food, while serving other similarly situated inmates nutritional food. (*Id.*) According to Plaintiff, such conduct violates his constitutional rights under the Eighth and Fourteenth Amendments. (*Id.*) Plaintiff seeks temporary and permanent injunctive relief as well as compensatory and punitive damages. (*Id*. at 9–10.)

On June 10, 2021, Defendants filed a Motion to Dismiss, seeking to dismiss Plaintiff's official capacity claims against the individual defendants and all claims against the South Carolina Department of Corrections ("SCDC"). (Dkt. No. 19.) Defendants argued that they are not persons amenable to suit under 42 U.S.C. § 1983 and are immune from suit in their official capacities under the Eleventh Amendment. (Dkt. No. 19-1.) In their memorandum supporting their Motion, Defendants contended that only Defendant Mr. Gore, the Food Service Director, "can arguably make the changes Plaintiff seeks in his demand for injunctive relief. The remaining defendants are lower-level SCDC employees and any injunctive claims against them should be dismissed." (*Id.* at 4.) Plaintiff filed a response in opposition on June 21, 2021, briefly arguing that the Eleventh Amendment does not bar Plaintiff's claims for prospective injunctive relief against state officials sued in their official capacities. (Dkt. No. 25.)

On June 29, 2021, the undersigned issued a Report and Recommendation recommending that Defendants' Motion to Dismiss be granted in part and denied in part. (Dkt. No. 26.) More specifically, the undersigned recommended that Plaintiff's § 1983 claims against SCDC should be dismissed in their entirety, and that SCDC should be dismissed from this civil action. The undersigned further recommended that Plaintiff's § 1983 claims for monetary damages against the individual Defendants in their official capacities should be dismissed, as well as Plaintiff's § 1983

claims for injunctive relief against Defendants Davis, Smith, and Sheppard. However, the undersigned recommended that Plaintiff's § 1983 claim for injunctive relief against Defendant Gore should remain pending, and that Plaintiff's § 1983 claims for monetary damages against the individual defendants in their individual capacities should also remain pending. The Court adopted the undersigned's Report and Recommendation in full on July 27, 2021. (Dkt. No. 28.)

On August 11, 2021, Plaintiff filed a Motion to Dismiss Defendant Ann Sheppard from the case "because she is not personally involved in the distribution of the food at Lieber prison." (Dkt. No. 33.) The Court granted Plaintiff's Motion that same day, and Defendant Sheppard was dismissed from this civil action. (Dkt. No. 34.) Thus, Plaintiff's § 1983 claims against Defendants Davis, Smith, and Gore in their individual capacities and Plaintiff's § 1983 claim for injunctive relief against Defendant Gore are the only claims remaining.[1]

Defendants filed the instant Motion for Summary Judgment on November 22, 2021. (Dkt. No. 46.) Plaintiff responded to Defendants' Motion on March 8, 2021. (Dkt. No. 64.) On March 24, 2022, Defendants filed a Motion to Strike certain evidence Plaintiff filed in conjunction with his response. (Dkt. No. 72.) On March 31, 2022, Defendants replied to Plaintiff's response to their Motion. (Dkt. No. 73.) The next day, Plaintiff responded to Defendants' Motion to Strike. (Dkt. No. 74.) Defendants replied to Plaintiff's response on April 8, 2022. (Dkt. No. 76.) Plaintiff then filed a sur reply on April 11, 2022. (Dkt. No. 77.)

---

[1] The undersigned notes that Plaintiff included a state law gross negligence claim pursuant to the South Carolina Tort Claims Act ("SCTCA") in his initial Complaint. (Dkt. No. 1.) Plaintiff did not include this claim in his Amended Complaint (Dkt. No. 12), so the undersigned has not considered it. Even if the Court were to consider such a claim, Defendants are immune from suit under the SCTCA per S.C. Code Ann. § 15-78-70, which provides that an employee of a governmental entity who commits a tort while acting within the scope of his or her official duty is not liable except "if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude."

On May 20, 2022, Defendants filed a Motion to Compel Plaintiff to respond to Defendants' discovery requests. (Dkt. No. 82.) Plaintiff responded to Defendants' Motion to Compel on May 27, 2022. (Dkt. No. 83.) The motions before the Court are therefore ripe and ready for disposition.

## DISCUSSION

### I.    Motion for Summary Judgment (Dkt. No. 46)

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Pub'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When a court considers the motion, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" *Id.* (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As noted above, Plaintiff originally sued Defendants in both their official and individual capacities for violations of his constitutional rights under § 1983. (*See generally* Dkt. No. 12.) The Court has since dismissed Plaintiff's § 1983 claims against Defendants in their official capacities, except for Plaintiff's claim for injunctive relief against Defendant Gore. (Dkt. Nos. 26, 28.) Thus, Plaintiff's only remaining claims are his § 1983 claims against Defendants in their individual

capacities and his § 1983 claim for injunctive relief against Defendant Gore. Defendants now move for summary judgment on these remaining claims. (*See generally* Dkt. No. 46.)

Defendants argue that: (1) Plaintiff cannot prove a violation of his Eighth Amendment rights; (2) Plaintiff cannot prove a violation of the Fourteenth Amendment's Equal Protection Clause; (3) Defendants are entitled to qualified immunity; and (4) Plaintiff has not shown that he is entitled to injunctive relief. (Dkt. No. 46-1 at 9–18.) Defendants request that the Court dismiss Plaintiff's case in full, and that the Court deem such dismissal a "strike" under the Prison Litigation Reform Act ("PLRA"). The undersigned considers these arguments, below.

### A. Individual Capacity Claims

With respect to Plaintiff's allegations that Defendants violated his Eighth and Fourteenth Amendment rights, the undersigned finds no genuine issues of material fact relating to such claims for the reasons set forth below. The undersigned therefore recommends that Defendants' Motion for Summary Judgment be granted as to Plaintiff's Eighth and Fourteenth Amendment claims.

#### 1. Eighth Amendment

Plaintiff's Amended Complaint states that Defendants violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment "by serving or caus[ing] to be served, inadequate food portions" and "failing to serve or caus[ing] to be served, nutritional food items." (Dkt. No. 12 at 7–8.) Plaintiff claims that: (1) Defendants serve Plaintiff his meals on Styrofoam serving trays that are smaller in size, which causes him to be served less food; (2) Defendants use "an alternative food menu (i.e., Brunch) on the weekend to serve Goss' meal, which significantly limits the amount of food [he] is served"; and (3) Defendants refuse to serve him fruits, orange juice, and cereal. (*Id.*) Plaintiff claims that he has "suffered and endured significant weight loss, loss of [nutrients], loss of vitamins, hunger pain, headaches, high blood

5

pressure, [hemorrhoids], stress, depression, anxiety, and loss of energy" as a result of Defendants' alleged actions. (*Id*. at 9.)

Based on the foregoing, Plaintiff's Eighth Amendment claim appears to be based upon his conditions of confinement. *See Estelle v. Gamble*, 429 U.S. 97, 102–05 (1976); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994) ("The [Eighth] Amendment . . . imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." (internal citations and quotation marks omitted)). To withstand summary judgment on such a claim, a plaintiff must demonstrate the following two factors: (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a "sufficiently culpable state of mind." *See Farmer*, 511 U.S. at 834 (referencing *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991)). To be sufficiently serious, a deprivation must be "extreme—thus posing either a serious or significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of such serious harm." *Campbell v. Florian*, 972 F.3d 385, 393 (4th Cir. 2020), *as amended* (Aug. 28, 2020) (citing *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016)) (internal quotation marks omitted). A sufficiently culpable state of mind is "one of 'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 834. A prison official demonstrates deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Defendants argue that Plaintiff's Eighth Amendment claims should be summarily dismissed because he cannot prove that he suffered a significant injury, nor that Defendants acted with a sufficiently culpable state of mind. (Dkt. No. 46-1 at 10–13.) The undersigned agrees.

As for the first prong, Plaintiff claims that he suffers from "serious medical conditions" as a result of the allegedly inadequate food provided to him. (Dkt. No. 64 at 4.) More specifically, Plaintiff claims he suffers from "high blood pressure, high cholesterol, low vitamin D and C, constant hunger and pain associated with hunger, headaches, low energy, weight loss, vision loss, stress, depression, and anxiety." (*Id*. at 4–5.) Plaintiff points to his personal declaration and medical records to support these claims. (*Id*. at 5.)

Plaintiff's declaration restates the medical conditions he sets forth in his Amended Complaint and in his response in opposition to Defendants' Motion for Summary Judgment but provides no further detail about these conditions. (Dkt. No. 64-6 at 2.) More pertinently, Plaintiff produced approximately forty pages of medical records spanning the time period relevant to his claim. (*See generally* Dkt. No. 64-7.) These records confirm that Plaintiff has high blood pressure, high cholesterol, low vitamin D levels[2], headaches, anxiety and/or depression, and worsening vision. (*Id*. at 2–39.) However, Plaintiff's medical records do not reflect hunger pain, low energy, weight loss, vision loss, stress, or low vitamin C levels.[3] (*Id*.)

---

[2] Plaintiff's vitamin D level was most recently recorded as 26.4 ng/ml. (Dkt. No. 64-7 at 3.) A healthy vitamin D range is 30-100 ng/ml. (*Id*.) Vitamin D deficiency is defined as less than 20 ng/ml. (*Id*.) In January of 2021, Plaintiff's vitamin D level was 32.8 ng/ml. (*Id*. at 4.)

[3] The undersigned notes that the Court ordered Defendants to conduct lab work for Plaintiff on two separate occasions in an effort to ensure that Plaintiff had a full and fair opportunity to rebut Defendants' summary judgment arguments. (*See generally* Dkt. Nos. 52, 56, 60, 66, 80-1.) The lab work requested by Plaintiff and ordered by the Court did not reflect low vitamin C levels. (Dkt. No. 80-1 at 1.) Further, Plaintiff testified on October 26, 2021 that his weight range was around 170 pounds and that he had lost "a couple of pounds, maybe . . . 4, 5 pounds" as a result of the prison's allegedly inadequate food service. (Dkt. No. 46-2 at 17.) However, his medical records reflect that he weighed 188 pounds on December 21, 2021. (Dkt. No. 64-7 at 18.)

7

Although Plaintiff's medical records confirm that Plaintiff suffers from some of the alleged ailments, the undersigned finds these ailments insufficient to support his claim that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Given that the Eighth Amendments prohibits cruel and unusual *punishment*, "not every uncomfortable condition of confinement is actionable." *Snyder v. W. Reg'l Jail Auth.*, No. 3:18-CV-01433, 2019 WL 6523198, at *8 (S.D.W. Va. Nov. 4, 2019), *adopted*, 2019 WL 6521989 (S.D.W. Va. Dec. 3, 2019) (citing *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). Rather, "only those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298 (quoting *Rhodes,* 452 U.S. at 347). Plaintiff's allegations do not meet this standard. *See Scinto*, 841 F.3d at 233–34 (affirming district court's award of summary judgment to warden on plaintiff's diet and nutrition claim because warden's failure to provide plaintiff a "diabetic diet" did not exacerbate his condition and was therefore not sufficiently serious). Plaintiff does not allege that he goes days without eating. He does not allege that food was intentionally withheld from him. He simply wants a larger quantity and better selection of food. (*See generally* Dkt. Nos. 12, 64.)

Further, Plaintiff provides no evidence connecting his confirmed medical conditions to an inadequate diet. Even if he could provide such evidence, the record reflects that Plaintiff's confirmed conditions are adequately managed with medication and regular exams. (Dkt. No. 64-7 at 2–39). Plaintiff was prescribed Meloxicam for arthritis and pain, Paroxetine for anxiety and depression, Sumatriptan for headaches, Verapamil for high blood pressure, and vitamin D supplements to improve his vitamin D levels. (*Id*.) He was offered Lipitor for his high cholesterol. (*Id*. at 2, 9.) Plaintiff received various eye exams to evaluate his worsening vision, and he was referred to the eye doctor for new glasses. (*Id*. at 29, 31, 38.)

Based on the foregoing, Plaintiff cannot raise a genuine issue of fact as to whether he suffered from a sufficiently serious deprivation of a basic human need. *See Farmer*, 511 U.S. at 834. Plaintiff also cannot show that Defendants acted with a "sufficiently culpable state of mind" in depriving him of any such need. *See id*. Thus, even considering the evidence in the light most favorable to Plaintiff, his Eighth Amendment claim fails.

### 2. Fourteenth Amendment

Plaintiff's Amended Complaint also states that Defendants violated his Fourteenth Amendment right to equal protection under the law "by intentionally discriminating against him in refusing to serve him fruits, orange juice, and cereal, while serving other similarly situated inmates fruits, orange juice, and cereal." (Dkt. No. 12 at 8–9.) Defendants contend that this claim fails because Plaintiff cannot show that he is treated differently than other inmates who are similarly situated to him. (Dkt. No. 46-1 at 13–15.) Defendants further argue that Plaintiff has not brought forward any evidence to prove that Defendants' alleged unequal treatment resulted from intentional or purposeful discrimination. (*Id*. at 14.) The undersigned agrees.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause thus directs that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1982). To establish an equal protection violation, a plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination"; once this showing is made, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Veney v. Wyche*, 293 F.3d 726, 730–31 (4th Cir. 2002) (quoting *Morrison v. Garraghty*,

239 F.3d 648, 654 (4th Cir. 2001)). To succeed on an equal protection claim, a plaintiff must set forth "specific, non-conclusory factual allegations that establish improper motive." *Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir. 2003). "[M]ere conclusory assertions" of discriminatory intent are insufficient. *Id.*

Here, Plaintiff cannot demonstrate that he was treated differently from others with whom he is similarly situated, nor can he show that the alleged unequal treatment was the result of intentional discrimination. *See Veney*, 293 F.3d at 730–31 (equal protection violation requires showing that plaintiff "has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination"). As noted, Plaintiff alleges that Defendants serve "other similarly situated inmates fruits, orange juice, and cereal," but fail to do the same for Plaintiff. (Dkt. No. 12 at 8–9.) However, Defendants explain in their Motion for Summary Judgment that inmates who receive more fruits, orange juice, and cereal are on a different meal plan.[4] (Dkt. No. 46-1 at 14.) Plaintiff provides no response to this explanation. (*See generally* Dkt. No. 64.)

Even assuming that Plaintiff is not given the same fruit, orange juice, and cereal that other similarly situated inmates receive, his Fourteenth Amendment claim still fails. Indeed, Plaintiff provides no evidence that this treatment is the result of intentional discrimination, and nothing in the record supports such a finding. Thus, Plaintiff's Fourteenth Amendment claim is insufficient and cannot withstand summary judgment. *See Williams*, 326 F.3d at 584 (explaining that to succeed on an equal protection claim a plaintiff must set forth "specific, non-conclusory factual

---

[4] The record reflects that SCDC provides three different meal options for prisoners: the "regular line" or "master menu"; the "alternative line" or "alternative menu"; and the "diet line" or "therapeutic menu." (*See generally* Dkt. Nos. 46-1, 46-3, 46-4, 64-9, 64-10, 64-11.) The record reflects that Plaintiff is currently on the "regular line" or "master menu" plan, but that he has tried other plans in the past. (Dkt. Nos. 46-1 at 14, 46-5 at 2, 64-4 at 59.) The record also reflects that he may request to switch to a different plan at any time. (Dkt. No. 46-5 at 2.)

allegations that establish improper motive"). The undersigned therefore recommends that Defendants' Motion for Summary Judgment be granted as to this claim.[5]

### B. Claim for Injunctive Relief

As noted, Plaintiff seeks compensatory and punitive damages, as well as injunctive relief. (Dkt. No. 12 at 9–10.) The Fourth Circuit has recognized that "federal injunctive relief is an extreme remedy." *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995). To obtain such an injunction, Plaintiff must show (1) irreparable injury, (2) that remedies at law "are inadequate to compensate for that injury," (3) "the balance of hardships between the plaintiff and defendant" warrants a remedy, and (4) an injunction would not disserve the public interest. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010). Where a § 1983 plaintiff seeks injunctive relief, such relief cannot be granted absent the plaintiff's showing that there is a "real or immediate threat that [he] will be wronged again . . . in a similar way." *Simmons*, 47 F.3d at 1382 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

Here, Plaintiff's claim for injunctive relief stems from his conditions of confinement within a prison. (*See generally* Dkt. No. 12.) His request for injunctive relief must therefore be considered in accordance with the PLRA. 18 U.S.C. § 3626(a)(1). "The PLRA provides that 'in any civil action with respect to prison conditions . . . [t]he court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct

---

[5] Because the undersigned finds no questions of fact as to whether Defendants violated Plaintiff's constitutional rights, the undersigned need not address Defendants' qualified immunity argument. *See Hill v. Crum*, 727 F.3d 312, 321 (4th Cir. 2013) ("Qualified immunity shields government officials from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Should the District Judge disagree with the undersigned's conclusions regarding Plaintiff's constitutional claims, the undersigned notes that Defendants are likely entitled to qualified immunity for the reasons set forth in Defendants' brief.

11

the violation of the Federal right.'" *Porter v. Clarke*, 923 F.3d 348, 366 (4th Cir. 2019), *as amended* (May 6, 2019) (quoting 18 U.S.C. § 3626(a)(1)).

As described above, Plaintiff has failed to show that he suffered a serious or significant injury, let alone an irreparable one. (*See supra* at 5–10.) Further, Plaintiff has failed to demonstrate that any injuries suffered are the result of poor nutrition and/or inadequate food service at Lieber Correctional Institution ("Lieber"). (*See supra* at 5–10.) Thus, Plaintiff has failed to establish that there is a "real or immediate threat that [he] will be wronged again . . . in a similar way." *Simmons*, 47 F.3d at 1382 (quoting *City of Los Angeles*, 461 U.S. at 111). Absent such a showing, the extreme remedy of injunctive relief is inappropriate. *Id*. The undersigned therefore recommends that Plaintiff is not entitled to injunctive relief.

## II. Motion to Strike (Dkt. No. 72)

Defendants filed a Motion to Strike certain evidence attached to Plaintiff's response in opposition to their Motion for Summary Judgment. (Dkt. No. 72.) Specifically, Defendants ask the Court to strike "previously unidentified witnesses and affidavits from these witnesses that have not been previously identified or produced." (*Id*. at 1.) Defendants claim that "entering this new evidence at this late stage in this case would greatly prejudice Defendants" and that "the evidence should be excluded and not considered in determining summary judgment." (*Id*.) In the alternative, Defendants ask the Court to "reopen discovery for the limited purpose of conducting additional discovery regarding these two newly named witnesses." (*Id*.)

The affidavits at issue here describe that food is stolen from the kitchen at Lieber, which Plaintiff contends leads to smaller portions being served to inmates. (*See generally* Dkt. Nos. 64, 64-1, 64-2, 77.) Thus, the affidavits are relevant to Plaintiff's constitutional claims. Indeed, Plaintiff notes in his sur reply to Defendants' Motion to Strike that his "theory of his case-in-chief"

is that "he receives non-nutritional foods which is served in inadequate portions, mainly because of stolen food." (Dkt. No. 77 at 1.)

However, even viewing Plaintiff's claims in light of this "theory of his case-in-chief" and considering the affidavits, Plaintiff fails to state a valid constitutional claim for the reasons set forth above; namely, he cannot show that he suffered a significant or serious injury and cannot demonstrate that Defendants had an improper motive for purportedly treating him differently than other similarly situated inmates. Because Plaintiff's claims fail regardless of the Court's consideration of the evidence at issue, Defendants' Motion to Strike is **DENIED**.

    III.    **Motion to Compel (Dkt. No. 82)**

Defendants have also filed a Motion to Compel outstanding discovery responses from Plaintiff. (Dkt. No. 82.) Defendants claim that "they served initial discovery requests on Plaintiff on August 26, 2021" and that "[t]o date, Plaintiff has not responded." (*Id*. at 1.) Defendants claim that they need the requested responses in order to properly defend the case. (*Id*.)

As is more fully explained above, the undersigned recommends that Defendants' Motion for Summary Judgment be granted. In the event the District Judge agrees with the undersigned's recommendations, Plaintiff's case will be dismissed in full and Defendants' Motion to Compel will be rendered moot. The undersigned therefore **DENIES** Defendants' Motion to Compel.

## CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that Defendants' Motion for Summary Judgment (Dkt. No. 46) be **GRANTED**, and that Plaintiff's civil action be dismissed in full. However, the undersigned does not find the instant civil action so frivolous as to warrant a "strike" against Plaintiff for purposes of PLRA. The undersigned therefore declines to recommend that dismissal of Plaintiff's case constitute a "strike" pursuant to 28 U.S.C. § 1915(g).

13

The undersigned further **ORDERS** that Defendants' Motion to Strike (Dkt. No. 72) and Motion to Compel (Dkt. No. 82) be **DENIED** with leave to refile as necessary following the District Judge's adoption or rejection of this Report and Recommendation.

**IT IS SO RECOMMENDED**.

June 3, 2022
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).