IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Darrell L. Goss, #305517 | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 2:21-00558-HMH-MGB |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Ryshema Davis, *Nutritionist*; Betty Smith, | ) | |
| *Food Service Branch Chief*; Mr. Gore | ) | |
| *Food Service Director*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b) and Local

Civil Rule 73.02 of the District of South Carolina.[1]  Darrell L. Goss ("Goss"), a state prisoner

proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his

constitutional rights.  The Defendants filed a motion for summary judgment.  (Mot. Summ. J.,

ECF No. 46.)  In her Report and Recommendation, Magistrate Judge Baker recommends

granting Defendants' motion for summary judgment.  (R&R, generally, ECF No. 84.)

Goss filed objections to the Report and Recommendation.  (Objs., ECF No. 99.)

Objections to the Report and Recommendation must be specific.  Failure to file specific

objections constitutes a waiver of a party's right to further judicial review, including appellate

review, if the recommendation is accepted by the district judge.  See United States v. Schronce,

727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and

---

[1] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber, 423
U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those
portions of the Report and Recommendation to which specific objection is made.  The court may
accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge
or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

Recommendation of the magistrate judge, this court is not required to give any explanation for

adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Goss' objections are non-specific, unrelated to

the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate

his claims.  However, the court was able to glean the following specific objections.

First, Goss argues that the magistrate judge applied the incorrect standard of review to

Defendants' motion for summary judgment and failed to address his deliberate indifference

claim.  (Objs. 2, 8 ECF No. 99.)  Specifically, Goss asserts that the magistrate judge erred by

improperly weighing some of the evidence and overlooking other evidence.  (Objs., generally,

ECF No. 99).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  In considering a motion for summary judgment, the evidence of the non-moving party is

to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  See

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts

that might affect the outcome of the suit under the governing law will properly preclude the entry

of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."

Id. at 248.  "[T]he mere existence of *some* alleged factual dispute between the parties will not

defeat an otherwise properly supported motion for summary judgment; the requirement is that

there be no *genuine* issue of *material* fact."  Ballenger v. N.C. Agric. Extension Serv., 815 F.2d

1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

Goss alleges that Defendants violated his Eighth Amendment right to be free from cruel

and unusual punishment "by serving or caus[ing] to be served, inadequate food portions" and

2

"failing to serve or caus[ing] to be served, nutritional food items." (Am. Compl. ¶¶ 4-6, ECF. No. 12.) Specifically, Goss claims that: (1) Defendants serve him an insufficient amount of food because his meals are served on small Styrofoam trays; (2) Defendants use[ ] "an alternative food menu (i.e., Brunch) on the weekend to serve [his] meals, which significantly limits the amount of food [he] is served"; and (3) "Defendants refuse[ ] to serve [him] fruits, orange juice, and cereal. (Id., ECF No. 12.) As a result, Goss alleges that he has "suffered and endured significant weight loss, loss of [nutrients], loss of vitamins, hunger pain, headaches, high blood pressure, [hemorrhoids], stress, depression, anxiety, and loss of energy." (Id. ¶ 9, ECF No. 12.) Accordingly, Goss' allegations relate to his conditions of confinement.

"[T]he Eighth Amendment imposes a duty on prison officials to 'provide humane conditions of confinement . . . [and] ensure that inmates receive adequate food, clothing, shelter, and medical care.'" Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)). "Prisoners alleging that they have been subjected to unconstitutional conditions of confinement must satisfy the Supreme Court's two-pronged test set forth in Farmer v. Brennan, 511 U.S. 825 (1994)." Scinto, 841 F.3d at 225.

The "objective prong" requires plaintiffs to demonstrate that "the deprivation alleged [was], objectively, sufficiently serious." Farmer, 511 U.S. at 834 (internal quotation marks and citations omitted). To be "sufficiently serious," the deprivation must be "extreme" -- meaning that it poses "a serious or significant physical or emotional injury resulting from the challenged conditions," or "a substantial risk of such serious harm resulting from . . . exposure to the challenged conditions." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks and citation omitted).

Under the "subjective" prong, plaintiffs must show that prison officials acted with a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834 (internal quotation marks omitted) (quoting Wilson, 501 U.S. at 297). In conditions of confinement cases, the requisite state of mind is deliberate indifference. Id. To prove deliberate indifference, plaintiffs must show that "the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Id. at 837. Stated differently, the plaintiff must show that the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and . . . also dr[ew] th[at] inference." Id. (emphasis added).

Deliberate indifference is "more than mere negligence," but "less than acts or omissions [done] for the very purpose of causing harm or with knowledge that harm will result." Id. at 835. It "lies somewhere between negligence and purpose or knowledge: namely, recklessness of the subjective type used in criminal law." Brice v. Va. Beach Corr. Ctr., 58 F.3d 101, 105 (4th Cir. 1995) (citing Farmer, 511 U.S. at 835).

Goss asserts that his declaration, standing alone, is sufficient to create a genuine dispute of material fact. (Objs. 2, ECF No. 99); (Resp. Opp'n Summ. J. Ex. F (Goss Decl.), ECF No. 64-6.) Goss' declaration provides that he

> suffered serious medical conditions as a direct result of receiving non-nutritional and inadequate food portions from Lieber's kitchen. My medical conditions consist of high blood pressure, high cholesterol, low vitamin D and C, constant hunger and pain associated with hunger, headaches, low energy, weight loss, vision loss, stress, depression, and anxiety.

(Id. Ex. F (Goss Decl. ¶ 3), ECF No. 64-6.)

Goss' objection that the quantity and quality of the food that he is being served is compromising his health is without merit. Medical records submitted by Goss confirm that he has high blood pressure, high cholesterol, low vitamin D levels, headaches, anxiety and/or

4

depression, and worsening vision.  (Id. Ex. G (Medical Records 2-39), ECF No. 64-7.)  However,

Goss' medical records do not reflect hunger pain, low energy, weight loss, vision loss, stress, or

low vitamin C levels.  (Id. Ex. G (Medical Records), ECF No. 64-7.)  In addition, Goss' lab

results indicate that he is not vitamin C deficient.  (Lab Results, ECF No. 80-1.)  Finally, while

Goss stated in his deposition on October 26, 2021, that he believed that his weight was at that

time in the "170 area," his medical records reflect that he weighed 188 pounds on December 21,

2021.  (Mem. Supp. Summ. J.  Ex. A (Goss Depo. 17), ECF No. 46-2); (Resp. Opp'n Mot.

Summ J. Ex. G (Medical Records 18), ECF No. 64-7.)

Aside from his own unsupported allegations, however, Goss has not provided any

evidence to establish that he has suffered adverse physical effects from the food that he is served.

A party's "self-serving opinion . . . cannot, absent objective corroboration, defeat summary

judgment."  Williams v. Giant Food Inc., 370 F.3d 423, 433 (4th Cir. 2004) (citations omitted);

see also Pearson v. Ramos, 237 F.3d 881, 886 (7th Cir. 2001) (collecting cases) (holding that a

prisoner "[w]holly lacking in medical knowledge" may not provide expert medical testimony).

Accordingly, Goss has failed to establish a genuine dispute of material fact regarding either the

subjective or objective prongs of his Eighth Amendment claim.

Next, Goss "contests the reliability of the results of his vitamin C test," and he is

"concern[ed] . . . that [it's] possible that the Defendants have submitted fabricated or otherwise

fraudulent evidence to the court in an attempt to obstruct justice."  (Objs. 4-5, ECF No. 99.)

Goss does not submit any evidence to support this bald allegation.  "Unsupported speculation is

not sufficient to defeat a summary judgment motion."  Felty v. Graves-Humphreys Co., 818 F.2d

1126, 1128 (4th Cir. 1987) (citation omitted).  Accordingly, this objection is without merit.

Finally, Goss objects to the magistrate judge's recommendation to deny his request for injunctive relief.  (Objs. 9, ECF No. 99.)  As discussed above, Goss has not raised a genuine dispute of material fact to support his argument that he suffered a serious or significant injury as a result of his conditions of confinement.  Accordingly, Goss cannot satisfy the irreparable harm prong.

Goss also filed a motion titled "Motion to Reconsider" on July 20, 2022.[2]  In the motion, Goss asks the court to reconsider a February 17, 2022 text order entered by the magistrate judge denying Goss' request to conduct a second lab test because she found that he had "already received a comprehensive work-up."  (Mot. Recons.4, ECF No. 101); (Feb. 17, 2022 Text Order, ECF No. 56.)  Goss initially requested that "all vitamins and minerals [ ], including[,] but not limited to, vitamin A, B, C, D, and E; iron level; protein level; fiber level" be tested so that he could respond to Defendants' motion for summary judgment.  (Mot. Discovery 2, ECF No. 49.)

On February 16, 2022, Defendants filed a status report detailing the results from Goss' lab tests.  (Feb. 16, 2022 Status Report, ECF No. 55.)  The status report reflects that the following tests were performed: complete blood count, basic metabolic panel, liver panel, lipid panel, urinalysis, vitamin D, vitamin B, and folate panel.  (Id., ECF No. 55.)  In response, Goss submitted a "Second Status Report," explaining that his vitamin C levels were not tested in the first lab test and requested that "the court [] order that he be tested for his vitamin C level[s]." (Second Status Report, ECF No. 58.)  On February 25, 2022, the magistrate judge issued a second order revising the February 17, 2022, order and directed the Defendants to explain why the first lab test failed to include a vitamin C test and whether obtaining a vitamin C test would be feasible.  (Feb. 25, 2022 Text Order, ECF No. 60.)  On March 9, 2022, Defendants filed a

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

status report stating that "it is feasible . . . to have labs drawn to have [Goss'] Vitamin C level checked.  However, in order to check [Goss'] Vitamin C level, the lab work will need to be sent out to a third party vendor."  (March 9, 2022 Status Report, ECF No. 65.)  The following day, the magistrate judge entered a text order directing Defendants to file a status report upon completion of the lab work.  (Mar. 10, 2022 Text Order, ECF No. 66.)

On May 2, 2022, Defendants filed a supplemental status report including the results of Goss' vitamin C lab test.  (Lab Results, ECF No. 80-1.)  Goss asks the court to "reconsider the magistrate's order (Dkt. No. 56) denying [his] request for a second lab test . . . ."  (Mot. Recons. 4, ECF No. 101.)  Further, Goss argues that "the lab tests that were conducted on him exceed[ ] the scope of the Court's order; and therefore, [they] should not be considered by this court and/or stricken from the record."  (Id. 4, ECF No. 101.)  Goss requested comprehensive lab work including testing  "all vitamins and minerals, including[,] but not limited to, vitamin A, B, C, D, and E; iron level; protein level; fiber level."  (Mot. Discovery 2, ECF No. 49.)  Thus, Goss' argument regarding the scope of his lab work is without merit.  In addition, the court finds that the initial denial of Goss' request to conduct a second lab test to obtain his vitamin C levels is moot because the magistrate judge, in a second order, directed Defendants to test his vitamin C levels.

Based on the foregoing, the court finds that Goss' objections and motion for reconsideration are without merit.  Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Baker's Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that Defendants' motion for summary judgment, docket number 46, is

granted.  It is further

**ORDERED** that Goss' motion to reconsider, docket number 101, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 27, 2022

### NOTICE OF RIGHT TO APPEAL

Goss is hereby notified that he has the right to appeal this order within thirty (30) days

from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.