IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Darrell L. Goss, #305517 | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 2:21-00558-HMH-MGB |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Ryshema Davis, *Nutritionist*; Betty Smith, | ) | |
| *Food Service Branch Chief*; Mr. Gore | ) | |
| *Food Service Director*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's untimely "Supplemental Objections" to Magistrate Judge Baker's Report and Recommendation, reply to Defendants' response in opposition to Plaintiff's objections, and "Supplemental Motion to Reconsider."

The Defendants filed a motion for summary judgment on November 22, 2021. (Mot. Summ. J., ECF No. 46.) On June 3, 2022, Magistrate Judge Baker issued a Report and Recommendation recommending granting Defendants' motion for summary judgment. (R&R, generally, ECF No. 84.) Plaintiff filed objections to the Report and Recommendation on July 12, 2022.[1] (Objs., ECF No. 99.) On July 20, 2022,[2] Plaintiff also filed a "Motion to Reconsider" the magistrate judge's text order denying Plaintiff's request to conduct additional discovery. (Mot. Recons., ECF No. 101.) On July 21, 2022, Defendants filed a response in opposition to Plaintiff's objections. (Resp. Opp'n, ECF No. 100.)

On July 27, 2022, the court issued an opinion and order wherein it addressed Plaintiff's objections, adopted the Report and Recommendation, and denied Plaintiff's motion for

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

[2] Houston v. Lack, 487 U.S. 266 (1988).

reconsideration. (Jul. 27, 2022 Opinion & Order, ECF No. 102.) Plaintiff's "Supplemental Objections" were filed on July 25, 2022,[3] and received on July 29, 2022, after entry of the July 27, 2022 Order. (Supp. Objs., ECF No. 106.) Objections to the Report and Recommendation were due by July 15, 2022. (Txt. Order, ECF No. 95.)

Plaintiff also submitted a reply to Defendants' response in opposition to his objections on July 28, 2022,[4] which was received by the court on August 1, 2022. (Reply, ECF No. 108.) The court construes Plaintiff's supplemental objections and reply as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. A motion to alter or amend the judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted).

Upon review, Plaintiff does not identify any intervening change in controlling law, new evidence, or clear error of law. Instead, Plaintiff's motion raises substantially the same arguments regarding the magistrate judge's text order denying Plaintiff's request to conduct additional discovery in his Motion for Reconsideration, addressed by the court in its July 27,

---

[3] Houston v. Lack, 487 U.S. 266 (1988).

[4] Houston v. Lack, 487 U.S. 266 (1988).

2022, Opinion and Order. As stated in the July 27, 2022 opinion and order, this issue is moot. (Jul. 27, 2022 Opinion & Order 7, ECF No. 102.) Thus, Plaintiff's motion to alter or amend is denied.

On July 25, 2022,[5] Plaintiff filed a "Supplemental Motion to Reconsider" pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure, which was received by the court on July 29, 2022, after entry of the July 27, 2022 Order. (Supp. Mot. Recons., ECF No. 107.) Rule 60(b)(3) states, in relevant part, that a court may relieve a party from a final judgment or order for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).

In ruling on a Rule 60(b)(3) motion, the court must consider whether "(1) the moving party must ha[s] a meritorious [claim]; (2) the moving party [has] prove[n] misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994) (citing Square Constr. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981)). Plaintiff does not make any substantive arguments in his supplemental motion for reconsideration. Instead, without any evidentiary support, Plaintiff references Rule 60(b)(3) as an additional basis for relief in his initial motion for reconsideration challenging the scope of laboratory testing that he received. (Supp. Mot. Recons. 1, ECF No. 107.) The court fully addressed the Plaintiff's grounds for reconsideration in the July 27, 2022 Order. For the same reasons set forth in the court's July, 27, 2022 Order, this motion is denied.

---

[5] Houston v. Lack, 487 U.S. 266 (1988).

It is therefore

**ORDERED** that Plaintiff's motion to alter or amend, docket numbers 106 and 108, is denied. It is further

**ORDERED** that Plaintiff's motion to reconsider, docket number 107, is denied.

**IT IS SO ORDERED**.

                                                    s/Henry M. Herlong, Jr.
                                                    Senior United States District Judge

Greenville, South Carolina
August 2, 2022

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.